IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MICHAEL WAYNE C. [1]

          Plaintiff,

v.

ANDREW M. SAUL,
Commissioner, Social Security
Administration,

          Defendant.

No. 6:20-cv-00814-MO

OPINION AND ORDER

MOSMAN, J.,

Plaintiff Michael Wayne C. brings this action pursuant to 42 U.S.C. § 405(g) of the

Social Security Act ("SSA") for judicial review of the final decision of the Commissioner of the

Social Security Administration ("Commissioner"). The only issue on appeal is whether

substantial evidence supports the Administrative Law Judge's ("ALJ") finding that Plaintiff can

perform jobs that exist in significant numbers. For the reasons discussed below, I REVERSE the

decision of the Commissioner.

---

[1] In the interest of privacy, this opinion uses only the initial of the last name of the
nongovernmental party in this case.

1 – OPINION AND ORDER

## PROCEDURAL BACKGROUND

Plaintiff filed his application for Disability Insurance Benefits on January 23, 2017, alleging disability beginning on October 30, 2010. Tr. 148.[2] His application was denied initially on April 13, 2017, and upon reconsideration on June 7, 2017. Tr. 74, 80. A hearing was held before ALJ Steve Lynch on March 26, 2019. Tr. 28. The ALJ issued an unfavorable decision on April 22, 2019, finding that Plaintiff was not disabled and therefore not entitled to benefits. Tr. 10, 23. On March 16, 2020, the Appeals Council declined review, rendering the ALJ's decision the Commissioner's final decision. Tr. 1. On April 5, 2021, Plaintiff filed a Complaint [ECF 1] in this Court pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision.

## DISABILITY ANALYSIS

Under the SSA, a claimant is disabled if he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). To determine whether the claimant is disabled,

> the ALJ conducts a five-step sequential evaluation that asks (1) whether the claimant is presently engaging in substantially gainful activity; (2) whether the claimant has a severe impairment; (3) whether the impairment is listed, or equivalent to an impairment listed, in Appendix I of the regulations; (4) whether the impairment prevents the claimant from doing past relevant work; and (5) whether the impairment prevents the claimant from performing any other substantially gainful activity.

*Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (citing 20 C.F.R. § 404.1520(a)(4)). Each step is potentially dispositive. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).

---

[2] "Tr." refers to the transcript of the Social Security Administration record [ECF 14].

The claimant has the burden of proof at steps one through four. *Bustamante v. Massanari*, 262 F.3d 949, 953 (9th Cir. 2001). At step five, "the burden shifts to the Commissioner to show that the claimant can perform some other work that exists in 'significant numbers' in the national economy, taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Tackett*, 180 F.3d at 1100 (quoting 20 C.F.R. § 404.1560(b)(3)). "If the Commissioner meets this burden, the claimant is '*not disabled*' and therefore not entitled to disability insurance benefits." *Id.* at 1099 (citing 20 C.F.R. §§ 404.1520(f), 404.1562).

## THE ALJ'S FINDINGS

The ALJ applied the five-step sequential process to determine whether Plaintiff qualified as disabled. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful employment since the alleged onset date, October 30, 2010, through his date last insured, December 31, 2015. Tr. 15. At step two, he concluded that Plaintiff had the following severe impairments: obesity, liver disease, thyroid deficiency, depression, and anxiety. Tr. 15. Continuing to step three, the ALJ found that Plaintiff's severe impairments did not meet or medically equal one of the listed impairments in the regulations. Tr. 16.

Between steps three and four, the ALJ assessed Plaintiff's Residual Functioning Capacity ("RFC"). Tr. 18. He found that Plaintiff had the RFC to perform sedentary work but was "limited to only simple tasks and instructions, and only occasional interaction with the public." Tr. 18. At step four, the ALJ determined that Plaintiff was unable to perform any past relevant work. Tr. 21.

At step five, the ALJ found jobs exist in significant numbers in the national economy that Plaintiff can perform. Tr. 22–23. In making this determination, the ALJ accepted a vocational expert's testimony that Plaintiff could perform the jobs of Document Preparer, Table Worker, and Taper. Tr. 22–23. The vocational expert testified that there would be 45,300 Document

Preparer jobs available nationwide, 20,900 Table Worker jobs, and 10,900 Taper jobs. Tr. 47.

These total 77,100 jobs available in the national economy. The ALJ concluded that Plaintiff was

not disabled from October 30, 2010, through December 31, 2015, the date last insured. Tr. 23.

## STANDARD OF REVIEW

On review, I must affirm the Commissioner's decision if it "was supported by substantial

evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir.

2007); *see also* 42 U.S.C. § 405(g). "'Substantial evidence' means more than a mere scintilla, but

less than a preponderance; it is such relevant evidence as a reasonable person might accept as

adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

When considering the record, "[t]he court must consider both evidence that supports and

evidence that detracts from the ALJ's conclusion; it may not affirm simply by isolating a specific

quantum of supporting evidence." *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

"However, if evidence is susceptible of more than one rational interpretation, the decision of the

ALJ must be upheld." *Orteza v. Shalala*, 50 F.3d 748, 749 (9th Cir. 1995).

## DISCUSSION

The sole issue is whether substantial evidence supports the ALJ's finding that Plaintiff

can perform jobs that exist in significant numbers.

For the ALJ to find the claimant not disabled on the fifth step, the Commissioner must

provide "evidence that demonstrates that other work exists in significant numbers in the national

economy" that the claimant can perform. 20 C.F.R. § 404.1560(c)(2). The "'significant number

of jobs' can be *either* regional jobs (the region where a claimant resides) *or* in several regions of

the country (national jobs)." *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012) (citing 42

U.S.C. § 423(d)(2)(A)). There must be "a significant number of jobs (in one or more

4 – OPINION AND ORDER

occupations) having requirements which [the claimant is] able to meet with [his or her] physical or mental abilities and vocational qualifications. Isolated jobs that exist only in very limited numbers in relatively few locations outside of the region where [the claimant] live[s] are not considered 'work which exists in the national economy.'" 20 C.F.R. § 404.1566(b). The Commissioner can "meet the burden of showing that there is other work in 'significant numbers' in the national economy" in two ways: "(1) by the testimony of a vocational expert, or (2) by reference to the Medical–Vocational Guidelines." *Tackett*, 180 F.3d at 1099.

Relying on testimony from a vocational expert, the ALJ found that Plaintiff could perform the jobs of Document Preparer, Table Worker, and Taper. Tr. 22–23. The ALJ found that the 77,000 national jobs were sufficient to satisfy step five. Tr. 22–23. Plaintiff argues that there is not substantial evidence to support the ALJ's finding. Pl.'s Br. [ECF 15] at 4–6. Specifically, Plaintiff argues that the occupation of Document Preparer conflicts with his RFC and the Table Worker job exists in significantly fewer numbers than what is contained in the step-five findings. *Id.* at 6–9. All said, Plaintiff suggests that the record supports a finding of only 13,796 relevant national jobs, which he argues is not a significant number. Pl.'s Reply [ECF 17] at 2–3.

The Commissioner does not contest Plaintiff's issue with the Document Preparer job or Table Worker job numbers, but states that even conceding those issues, the remaining 13,796 national jobs constitutes a significant number. Def.'s Br. [ECF 16] at 2–3.[3]

---

[3] Specifically, the Commissioner states: "Even assuming the success of Plaintiff's first two arguments, his third argument should nevertheless fail and the Court should affirm the ALJ's decision." Def.'s Br. [ECF 16] at 2. This suggests that the Commissioner does not necessarily agree with Plaintiff's first two arguments. However, the Commissioner provides no rebuttal argument to Plaintiff's first two arguments, and I decline to manufacture arguments for the Commissioner. *Cf. Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994) ("We will not manufacture arguments for an appellant, and a bare assertion does not preserve a claim, particularly when, as here, a host of other issues are presented for review.").

5 – OPINION AND ORDER

The Ninth Circuit has "never set out a bright-line rule for what constitutes a 'significant number' of jobs." *Beltran*, 700 F.3d at 389. However, the Ninth Circuit has found that 25,000 national jobs, including 2,500 regional jobs, constitutes a significant number, though whether "25,000 national jobs is sufficient presents a close call." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014). In an unpublished decision, the Ninth Circuit noted that it had never found 12,600 jobs, or a "similar number[,] to be significant." *Lemauga v. Berryhill*, 686 F. App'x 420, 422 (9th Cir. 2017). District courts in Oregon have reached inconsistent conclusions on the issue of whether fewer than 25,000 national jobs can constitute a significant number. *Compare Moey C. v. Comm'r, Soc. Sec. Admin.*, No. 3:18-cv-01409-HZ, 2020 WL 39965, at *3 (D. Or. Jan. 3, 2020) (finding that 14,670 national jobs, only slightly more than half of 25,000, do not constitute a significant number), *and Lisa L. v. Comm'r of Soc. Sec.*, No. 3:17-cv-01874-AA, 2018 WL 6334996, at *4 (D. Or. Dec. 5, 2018) (finding that 11,084 national jobs is not a significant number), *with Mark M. v. Comm'r, Soc. Sec. Admin.*, No. 3:19-cv-00495-MC, 2020 WL 7695848, at *4 (D. Or. Dec. 28, 2020) (finding that 14,355 national jobs is significant).

However, the national job number must be assessed "in light of the fact that it represents jobs across 'several regions.'" *Beltran*, 700 F.3d at 390. In fact, many courts explicitly consider the regional and national job numbers together. *See, e.g., Tammy L. F. v. Berryhill*, No. 3:18-cv-05090-RBL-TLF, 2019 WL 286056, at *4 (W.D. Wash. Jan. 3, 2019) (explaining that where district courts have found relatively low numbers of national jobs to be significant, "generally they have done so when considered in conjunction with regional numbers" (internal quotation marks and citation omitted)), *report and recommendation adopted sub nom. Foster v. Berryhill*, 2019 WL 280069 (W.D. Wash. Jan. 22, 2019); *Tara C. v. Comm'r Soc. Sec. Admin.*, No. 6:19-

6 – OPINION AND ORDER

cv-00147-YY, 2020 WL 886297, at *6 (D. Or. Feb. 24, 2020) (explaining that the court is unable to determine whether 21,000 jobs is significant without regional job numbers).

Based on the lack of evidence regarding regional job numbers here, I am unable to determine whether 13,796 national jobs is significant. That number is just around one-half of 25,000—a number that the Ninth Circuit said was a "close call." Additionally, the vocational expert did not provide regional job numbers at the hearing before the ALJ, and the ALJ did not rely on regional numbers in his opinion. Thus, the ALJ did not appear to consider whether the jobs exist in several regions of the country or how many exist in Plaintiff's region. The Commissioner also does not rely on regional job numbers in briefing before me. The Commissioner does not meaningfully challenge Plaintiff's arguments that effectively reduce the national-job number by more than 60,000 jobs, meaning there are significantly fewer national jobs at issue at the time of briefing than were at issue before the ALJ. Without additional information on regional numbers, I cannot find that the ALJ's decision is supported by substantial evidence and thus remand for the ALJ to consider regional job numbers in conjunction with the possibly diminished number of national jobs.

## CONCLUSION

For the foregoing reasons I REVERSE the decision of the Commissioner and REMAND this case for further administrative proceedings.

IT IS SO ORDERED.
DATED this ___ day of August, 2021.

MICHAEL W. MOSMAN
United States District Judge

7 – OPINION AND ORDER