IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

MICHAEL WAYNE C.,[1]

        Plaintiff,

v.

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

        Defendant.

No. 6:20-cv-00814-MO

OPINION AND ORDER

MOSMAN, J.,

        Plaintiff Michael Wayne C. brought this action for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"). On appeal, I found that a portion of the Administrative Law Judge's ("ALJ") decision was not supported by substantial evidence, reversed that decision, and remand for further consideration. Op. & Order [ECF 18]. Plaintiff then sought attorney fees pursuant to the Equal Access to Justice Act ("EAJA"). *See* 28 U.S.C. § 2412. I denied Plaintiff's motion because the government's position was substantially justified, but I did not detail my reasoning for the decision. *See* Min. Order [ECF 24]. Plaintiff appealed. Upon review, the Ninth Circuit agreed with Plaintiff that I must "show . . . the several factors relevant to [my] conclusion." *Chastain v. Kijakazi*, No. 22-35084, 2022 WL 16958625, at *1–*2 (9th Cir. Nov. 16, 2022). I therefore write to further explain my reasoning, and once again DENY Plaintiff's Amended Motion for Attorney Fees [ECF 27].

---

[1] In the interest of privacy, this opinion uses only the initial of the last name of the nongovernmental party in this case.

1 – OPINION AND ORDER

## LEGAL STANDARD

In relevant part, the EAJA requires a court reviewing an agency action to award fees and other expenses to any party prevailing against the United States in certain cases. 28 U.S.C. § 2412(d)(1)(A). But if "the court finds that the position of the United States was substantially justified," no fees are awarded. *Id.* To be substantially justified, the government's position must have a "reasonable basis both in law and fact" and be justified "to a degree that could satisfy a reasonable person." *Gardner v. Berryhill*, 856 F.3d 652, 656 (9th Cir. 2017).

The "position of the United States" includes both the government's arguments in the civil action as well as the agency's decision on account of which the civil action was brought. *Id.* If the government's position at either point of the proceedings was not substantially justified, fees must be awarded. *Tobeler v. Colvin*, 749 F.3d 830, 834 (9th Cir. 2014). When an agency's decision is unsupported by substantial evidence, it is a strong indication that the position of the United States is not substantially justified. *Decker v. Berryhill*, 856 F.3d 659, 664 (9th Cir. 2017). But this circuit "has never stated that every time this court reverses and remands the ALJ's decision for lack of substantial evidence the claimant should be awarded attorney's fees." *Id.* In short, "success on the merits is not dispositive of an EAJA application." *Id.*

## DISCUSSION

As I noted in my prior Opinion and Order, the only issue Plaintiff appealed from the ALJ was whether substantial evidence supported the ALJ's finding that jobs exist in significant numbers in the national economy that Plaintiff can perform. Op. & Order [ECF 18] at 3–4. Because the ALJ found this to be the case, the ALJ concluded that Plaintiff was not disabled. *See* 20 C.F.R. § 404.1560(c)(2) (requiring evidence that "other work exists in significant numbers in the national economy" in order to for a claimant to not be considered disabled). In making this

determination, the ALJ accepted a vocational expert's testimony that Plaintiff could perform the jobs of Document Preparer, Table Worker, and Taper. Op. & Order [ECF 18] at 3–4. The vocational expert testified that there would be 45,300 Document Preparer jobs, 20,900 Table Worker jobs, and 10,900 Taper jobs available nationwide. *Id.* So in total, the ALJ found 77,100 jobs available in the national economy that Plaintiff could perform. *Id.*

In appealing the ALJ's decision, Plaintiff argued that he cannot in fact perform the occupation of Document Preparer and that there are actually far fewer Table Worker jobs available than the ALJ found. *See id.* at 5 (discussing Plaintiff's arguments). As such, Plaintiff contended that only 13,796 relevant national jobs existed. *Id.* The Commissioner countered Plaintiff's argument by claiming that even if Plaintiff is correct as to the Document Preparer and Table Worker jobs, 13,796 jobs is a nationally significant number of jobs such that the ALJ's conclusions should be upheld.

The Commissioner based this argument on the Ninth Circuit's decision in *Gutierrez*. *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519 (9th Cir. 2014). *Gutierrez* held that 25,000 jobs is a nationally significant number. *Id.* at 529. In coming to this conclusion, the panel referenced an Eighth Circuit case that found 10,000 jobs to be nationally significant. *Id.*; *see Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997). The Commissioner argued that this showed that the Ninth Circuit had not foreclosed a lower number than 25,000 being nationally significant. Def.'s Br. [ECF 16] at 2–3. The Commissioner further argued that district courts throughout the Ninth Circuit have found numbers between 9,000 and 13,000 to be nationally significant. *Id.* at 3 n.2.

The Commissioner's position had a reasonable basis in both law and fact and was justified to a degree that could satisfy a reasonable person, both in this action and as embodied in the ALJ's decision. To start, the ALJ was substantially justified to rely on a vocational expert. Caselaw

3 – OPINION AND ORDER

provides that "the Commissioner [can] meet the burden of showing that there is other work in 'significant numbers' in the national economy . . . by the testimony of a vocational expert." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). The ALJ did exactly that here. He accepted the expert's testimony regarding the number of jobs in the national economy in coming to his conclusion. This was substantially justified.

Similarly, the Commissioner was substantially justified in its arguments here. As the Commissioner noted, the Ninth Circuit has not defined with particularity what number of jobs is required to be considered nationally significant. *See White v. Kijakazi*, 44 F.4th 828, 837 (9th Cir. 2022) (citing *Beltran v. Astrue*, 700 F.3d 386, 390 (9th Cir. 2012), and *Gutierrez*, 740 F.3d at 529, for the proposition that a minimum number of nationally significant jobs is somewhere between 1,680 and 25,000). And courts in this district have reached different conclusions on very similar numbers. *See* Op. and Order [ECF 18] at 6 (noting two District of Oregon decisions from the same year finding 14,335 jobs to be a significant number and 14,670 jobs to *not* be a significant number). The Commissioner's argument was thus "more than merely undeserving of sanctions for frivolousness." *Berryhill*, 856 F.3d at 664. It was substantially justified. So although Plaintiff succeeded on the merits, I must deny his motion for fees under the EAJA.

## CONCLUSION

For the above reasons, I DENY Plaintiff's Amended Motion for Attorney Fees [ECF 27] pursuant to the EAJA.

IT IS SO ORDERED.

DATED this 10th day of March, 2023.

MICHAEL W. MOSMAN
Senior United States District Judge

4 – OPINION AND ORDER